UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARREN SHIPLEY | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 07-3671 |
| EXCELL MARINE COMPANY | * | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is Defendant Excell Marine Company's Motion to Dismiss for Lack of Jurisdiction and for Improper Venue. (Rec. Doc. No. 14). After reviewing the briefs, hearing the parties' argument and considering the law, for the following reasons the motion is DENIED.

**I.  Factual and Procedural Background**

The Plaintiff was employed as an engineer aboard the M/V C.H. MARTIN, which is owned, controlled and operated by the Defendant. On July 23, 2006, Plaintiff alleges that he was seriously injured when an exhaust manifold aboard the M/V C.H. MARTIN exploded and blasted super-heated gas on to the Plaintiff's left leg. In addition to his alleged burn injuries to his left leg, the Plaintiff alleges that he injured his back while escaping the flames. Plaintiff filed suit in this Court alleging claims under the Jones Act and general maritime law, including claims for unseaworthiness and maintenance and cure. In total, the Plaintiff seeks approximately $1.85 million in damages.

In his petition, Plaintiff alleges that jurisdiction is proper with the Court because the "Defendant is engaged in a systemic and regular course of business within this district," in that the Defendant "owned, controlled, and operated a fleet of vessels which operated on the inland rivers of the United States, including the lower Mississippi River within the State of Louisiana." Further, Plaintiff states that although the Defendant is an Ohio corporation, it "can be found for

Jones Act venue purposes within this judicial district."

## II.     The Motion

Defendant has moved to dismiss arguing that personal jurisdiction over it is lacking, or, alternatively, that venue is improper.  First, with respect to jurisdiction, Defendant argues that jurisdiction is improper under the Louisiana long-arm statute and the 14th Amendment.  Defendant argues that the Louisiana long-arm statute does not apply because: at no relevant time was the Defendant transacting business within Louisiana through its operation of the M/V C.H. MARTIN, instead the ship was operating on the Ohio River between Ohio and West Virginia;  at no relevant time did the Defendant contract to provide services within the state of Louisiana; and that the Defendant did not cause an injury to the Plaintiff through an act or omission committed within Louisiana nor did the Defendant cause an injury in Louisiana.   With respect to the 14th Amendment, Defendant argues that specific jurisdiction does not exist because Plaintiff's cause of action did not arise from Defendant's contact with Louisiana, and general jurisdiction does not exist because the Defendant does not conduct a substantial part of its usual and ordinary business in Louisiana.  With respect to venue, Defendant argues that under the Jones Act venue is improper because of the fact that personal jurisdiction is lacking.

Plaintiff opposes the motion and argues that, at a minimum, specific jurisdiction exists.  Plaintiff alleges that the Defendant recruited him in Louisiana and he has received medical treatments in Louisiana.  These acts, according to the Plaintiff, "was a deliberate, intentional act within the State of Louisiana from which this defendant could reasonably anticipate a claim might arise in the event it failed to provide necessary medical costs."   Plaintiff also contends that because the Defendant has paid some, but not all, of Plaintiff's medical costs that were incurred in Louisiana, it should be no surprise that suit has been brought in Louisiana.

**III.   Law and Analysis**

    **A.   Jurisdiction**

When a defendant challenges personal jurisdiction, the burden of proving that jurisdiction exists is placed upon the party seeking to invoke the power of the court. *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff, however, need not establish jurisdiction by a preponderance of the evidence, rather a *prima facie* showing will suffice. *Id.* The Court must resolve all undisputed, as well as contested, facts in favor of jurisdiction. *Id.*

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statue of the forum state and (2) the exercise of personal jurisdiction is consistent with due process. *See Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). The Louisiana long-arm statute extends to the limits of constitutional due process, thus the Court need only consider whether personal jurisdiction over the Defendant satisfies the Due Process Clause. *See* La. Rev. Stat. 13:3201(B); *see also Frisella v. Transocean Cable Ship Co.*, 181 F. Supp. 2d 644, 647 (E.D. La. 2002).

Constitutional due process is satisfied when a defendant has minimum contacts with the forum state and, as a result, requiring the defendant to litigate in the forum state does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Such minimum contacts must indicate that the defendant should have reasonably anticipated being sued in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292(1980); *see also Dalton*, 897 F.2d at 1361 n.1. The "Due Process Clause gives a degree of predictability to the legal system and allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Dickson Marine v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)) (internal

quotation marks omitted).

When a cause of action arises out of a defendant's contacts with the forum state, the relationship between the defendant, the forum and the litigation form the essential foundation for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Courts often refer to this type of jurisdiction as "specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). A single, substantial act that is directed to the forum state can support specific jurisdiction. *Burger King,* 471 U.S. at 476 (1985). Conversely, when "the corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising form dealings entirely distinct from those activities," jurisdiction over the defendant may be proper. *International Shoe*, 326 U.S. at 318. This type of jurisdiction is typically referred to as "general jurisdiction." *Helicopteros*, 466 U.S. at 414 n.9. In order for general jurisdiction to exist, the contacts must be extensive in quality and nature. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992).

Once it is determined that a defendant has minimum contacts with the forum state, the court must determined whether its exercise of jurisdiction comports with fair play and substantial justice by considering (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive  social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 113 (1987). A defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

1.      Specific Jurisdiction

The Defendant argues that specific jurisdiction is lacking in this case because Plaintiff's cause of action did not arise from Defendant's contact with Louisiana.  Specifically, Defendant claims that at no relevant time did the Defendant, through its operation of the M/V C.H. MARTIN, transact business in Louisiana, and, at the time of the accident, the M/V C.H. MARTIN was operating on the Ohio River between Ohio and West Virginia.

In response, the Plaintiff argues that the contractual relationship between the Plaintiff and the Defendant arose in Louisiana because the Defendant recruited the Plaintiff to work for it in Louisiana.  The Plaintiff states that while at his home in Louisiana, an executive of the Defendant contacted him for the purpose of offering him employment with the Defendant, and that recruiting call resulted in the Plaintiff's out-of-state employment.  Additionally, the Plaintiff has received, and the defendant has paid for, medical care in Louisiana.  These contacts, according to the Plaintiff, are sufficient to establish specific jurisdiction.

In response, the Defendant argues that the Plaintiff's argument that he was recruited in Louisiana is irrelevant.  First, the Defendant states that the Plaintiff traveled to Kentucky, where one of the Defendant's primary offices is located, where he was interviewed and received a conditional job offer.  The offer was conditioned on the Plaintiff passing a physical and the Plaintiff took and passed such physical in Kentucky.  Therefore, according to the Defendant, the employment relationship between the Plaintiff and the Defendant arose in Kentucky.

In *Hall v. Environmental Chemical Corp.*, the court held that the defendant had sufficient minimum contacts with the forum state where the defendant targeted the forum state for employment prospects which resulted in their hiring of the plaintiff, mailed the plaintiff's paychecks to the plaintiff's residence in the forum state, the plaintiff received medical care in the forum state (some of which was paid by the defendant), and the defendant again recruited the

plaintiff for out-of-state employment during his recovery.  64 F. Supp. 2d 638, 642-43 (S.D. Tex. 1999).  According to the court, these contacts showed "that [d]efendant has purposely availed itself of the privilege of recruitment and employment activities in Texas."  *Id.* at 643.

Also, in *Potts v. Cameron Offshore Drilling Boats, Inc.*, the court held that it had personal jurisdiction over a vessel owner where the defendant repeatedly hired workers in the forum state which resulted in the employment of the plaintiff, the plaintiff received medical care in the forum state and where the defendant made maintenance and cure payments to the plaintiff in the forum state.  401 F. Supp. 2d 733, 737 (S.D. Tex. 2005).  The court stated that it "has specific jurisdiction over a controversy stemming from the employment of a Texas worker hired through the efforts of a Texas recruiting company[,] when the worker was treated in Texas, had his paychecks sent to a Texas company for some period of his employment, and received maintenance and cure payments in Texas."  *Id.*

In *Coats v. Penrod Drilling Corp.*, the plaintiff, a Mississippi citizen, was injured while working on a jack-up drilling rig in the waters of the United Arab Emirates.  5 F.3d 877, 880 (5th Cir. 1993).  The defendant had traveled to Mississippi to interview prospective employees and hired the plaintiff; the plaintiff's employment agreement provided that the defendant would provide airfare for the plaintiff to return to Mississippi every year.  *Id.*  After the plaintiff's injury, the defendant flew the plaintiff back to Mississippi for medical care, most of which was paid for by the defendant.  *Id.*  These contact were sufficient to establish specific jurisdiction over the defendant.  *Id.* at 884.

Here, the Defendant specifically targeted the Plaintiff and made a recruiting call to the Plaintiff while he was residing within Louisiana.  Apparently, the Plaintiff was employed with another company and the Defendant, through its recruiting call, convinced the Plaintiff to

leave his employment and accept the offer of employment extended by the Defendant.[1]  This direct and targeted recruitment is such that the Defendant should have reasonably anticipated being sued in the forum state.  This situation is the opposite of what the court faced in *Frisella v. Transocean Cable Ship Co.*.  181 F. Supp. 2d 644, 648-49 (E.D. La. 2002) (Feldman, J.).  In this case, the defendant hired crew members through the Seafarer's International Union ("SIU") under the terms of an agreement between the two parties.  *Id.* at 646.  The defendant hired the plaintiff through the SIU to work aboard one of its ships.  *Id.*  The court held that the defendant had little control over the SIU's activities and that "the connection between [plaintiff's] injury and SIU's hiring practices is tenuous as best."  *Id.*  Here, the Defendant had complete control over its recruiting activities in light of the fact that one of its employees recruited the Plaintiff directly.

     To further support a finding of specific jurisdiction, the Plaintiff states that he has received medical treatment in Louisiana and the Defendant has paid for some of his medical treatment.  As stated above, the courts in *Hall*, *Potts* and *Coats* all point to the fact that the plaintiff received medical treatment in the forum state and that the defendant paid for at least a portion of such medical costs.  Indeed, it seems as though the Defendant was involved in the Plaintiff's medical care.  The Plaintiff has produced a progress note provided by Orthopaedic Center of Monroe that was sent directly to the Defendant that states:  "We will now start this patient in a lumbar program [ ] with physical therapy as soon as it is approved by workman's comp."  In total, these facts support a finding of specific jurisdiction.

---

     [1]     The Defendant argues that the Plaintiff was not made an offer of employment during the recruiting call, but rather the Plaintiff received a conditional offer in Kentucky, not Louisiana, and that the employment relationship arose in Kentucky.  The Court must resolve these disputed facts in favor of the Plaintiff and in favor of jurisdiction.  *Luv n' care*, 438 F.3d at 469.

2.     General Jurisdiction

Although the Court has found that specific jurisdiction exists, the Court will discuss whether general jurisdiction exists over the Defendant.

The Defendant argues that its contacts with Louisiana are not sufficient to support a finding of general jurisdiction.  Specifically, the Defendant states that it does not conduct a substantial part of its usual business in Louisiana, it is not licenses to do business in Louisiana, does not advertise in Louisiana, does not maintain an office or employees in Louisiana, does not own, operate, lease or control any property in Louisiana, and, although it occasionally transported barges  for a Louisiana corporation, these minor dealings make up less than 3% of the Defendant's total business.

The Plaintiff argues that there are sufficient minimum contacts to support a finding of general jurisdiction.  Plaintiff argues that the Defendant's admitted business dealings in Louisiana and the fact that a number of the Defendant's vessels have passed through Louisiana support a finding of general jurisdiction.  Additionally, the Plaintiff points to the fact that the Defendant is a wholly-owned subsidiary of McNational, Inc., and that one of McNational's other wholly-owned subsidiaries, National Maintenance & Repair of Louisiana, Inc., has its operations in Harahan, Louisiana.  Further, Plaintiff argues that McNational and all of its wholly-owned subsidiaries likely have common officers and directors, integrated management and supervision of day to day activities.

First, the Plaintiff's argument that general jurisdiction exists because one of the Defendant's sister corporations conducts business in Louisiana and that both it and the Defendant are wholly-owned subsidiaries of the same corporation is unpersuasive.  The Fifth Circuit, in *Dalton*, addressed a similar argument.  897 F.2d at 1363.  In order to prevail on such an argument, the Plaintiff must show that "the parent so dominates the subsidiary that 'they do

not in reality constitute separate and distinct corporate entities.'" *Id.* (*quoting Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)).  The factors a court is to consider in making such a determination include: (1) whether the parent owns 100% of the subsidiary's stock; (2) whether the two corporations have separate headquarters; (3) whether the two corporations have common officers and directors; (4) whether the two corporations observed corporate formalities; (5) whether the two corporations maintained separate accounting systems; (6) whether the parent exercised complete authority over general policy; and (7) whether the subsidiary exercised complete authority over daily operations.  *Id.*  The Fifth Circuit has stated that "our cases demand proof of control by the parent over the internal affairs of the subsidiary to fuse the two for jurisdictional purposes." *Kelly v. Syria Shell Petroleum Development B.V.*, 231 F.3d 841, 856 (5th Cir. 2000).  Here, the Plaintiff has failed to provide any proof of the parent's control over its subsidiary; the Plaintiff has merely provided unsubstantiated conjecture.

With respect to the Defendant's business dealings with a Louisiana company, the Defendant has stated that this business consists of moving barges and chartered vessels for use by a Louisiana company and this constitutes less than 3% of the Defendant's business.  Courts typically do not apply a straight mathematical approach to basing general jurisdiction based on a certain percentage of a defendant's business occurring in, or with a company in, the forum state. *Compare Dalton*, 897 F.3d at 1362 (holding no general jurisdiction where defendant received 12.9% of its revenue from dealings with local companies), *with Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 471 (5th Cir. 2006) (holding that jurisdiction exists where defendant derived about 4.5% of its total revenue from sale of goods bound for forum state).  The key inquiry appears to be the nature of the business, not the relevant percentage of total revenue.  In *Dalton*, even though the defendant received a substantial portion of its revenue from its transactions with Louisiana companies, the contracts were entered into and payment was remitted to a foreign

state, thus it appeared to the court that the company took care to avoid connections with the forum state. 897 F.2d at 1362. Conversely, in *Luv n' care*, the fact that the defendant's products were bound for Louisiana supported the exercise of jurisdiction. 438 F.3d at 471. Here, some of the facts surrounding the nature of the Defendant's business are unknown; all that is know is that Defendant transports barges for the use of a Louisiana company. As such, and based on the relatively small percentage of revenue such business provides, the Defendant's business dealings do not support a finding of general jurisdiction, but perhaps more discovery might prove otherwise. However, since specific jurisdiction exists, the issue is irrelevant.

        3.      Fair Play and Substantial Justice

After the Court determines that there are sufficient connections to justify the exercise of specific jurisdiction, the Court must then consider whether the exercise of such jurisdiction would offend traditional notions of fair play and substantial justice. *Potts*, 401 F. Supp. at 737. The Court is to consider "the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." *Asahi*, 480 U.S. at 113. Neither party argued these issues in their papers. However, the Court finds that the exercise of jurisdiction is reasonable in this case and the notions of fair play and substantial justice do not require that this suit be dismissed.

    **B.**    **Venue**

Venue is controlled by Jones Act which provides that an action by a seaman "shall be brought in the judicial district in which the employer resides of the employer's principal office is located." 46 U.S.C. § 30104(b). Where an employer resides is determined by the definition of corporate residence under 28 U.S.C. § 1391(c) which provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 203-07(1966); *see also Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 282 (5th Cir. 2007);

*Nunez v. Weeks Marine, Inc.*, 2007 WL 2008105, *5 (E.D. La. July 5, 2007).  Having determined that the Court has personal jurisdiction over this matter, venue is also proper.

**IV.    Conclusion**

Accordingly, the Defendant Excell Marine Company's Motion to Dismiss for Lack of Jurisdiction and for Improper Venue is DENIED.

New Orleans, Louisiana, this 11th day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE